IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANE SHAMAN AL-HARBADI, )<br>  A/K/A/MAZIN SALIH AL-HARBI, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>  President of the United States, et al., )<br>)<br>Respondents. ) | Civil Action No. 05-CV-1857<br>(CKK) |

**REPLY OF PETITIONER TO
"RESPONDENTS' OPPOSITION TO PETITIONERS'
MOTION FOR PRESERVATION ORDER"**

Petitioner has moved for an Order that Respondents preserve all evidence and information regarding the abuse, torture or other mistreatment of Petitioner.

**FACTS**

Petitioner is an inmate at Guantanamo who has recently filed a Petition for habeas corpus. His counsel have seasonably applied for security clearances but have not yet received them, and thus have not been allowed to visit their client. This case has been stayed pending disposition of relevant appeals, including a stay of the filing of factual returns. Petitioner has alleged that he is at high risk of undue physical and mental abuse, including

torture. Petitioner is attaching to this Reply the Supplemental Declaration of Julia Tarver, filed October 14, 2005, in <u>Al-Joudi v. Bush</u>, 05-0301 (GK). This Declaration describes in sickening detail the instances of physical abuse of prisoners at Guantanamo that Ms. Tarver saw and heard about during her visit in late September and early October of this year. She reports that one of her clients was wincing in pain from lesions in his throat said to be caused by forcible insertion of a large feeding tube into his stomach. Para. 7. She tells of reports from another client that he was held without food or water for several days and then forcibly restrained and injected with unknown medications (para. 8); that another client reported forcible and painful insertion of a feeding tube while restrained, causing much bleeding and leaving him unable to speak for two days (para. 10); that another told of forcible feeding tube insertion leading to internal bleeding and frequent vomiting (para. 11); and many other facts which, if true, are unworthy of a civilized nation. Petitioner has made allegations which, *prima facie*, show that he faces a real risk of inhuman and degrading treatment. Respondents, by contrast, have not offered a single fact about Petitioner, nor offered any factual assertions about conditions for prisoners at Guantanamo. They have criticized Petitioner's allegations and they have described their own policies and procedures, but they have not made a single allegation of historical fact

about the treatment of any prisoner at Guantanamo. Respondents are in exclusive control of the premises. Their silence about conditions there speaks volumes.

## ARGUMENT

Habeas is neither a civil action not a criminal action, but is a "unique" proceeding. Harris v. Nelson, 394 U.S. 286, 293 (1969). It is an historical Writ that existed long before the Constitution was enacted. The federal habeas statute is largely silent about procedures for factual development of a case,[1] and there are no separate Rules of Habeas Corpus. Beyond the few procedures provided in the statute, the power of the Court to make rules for habeas cases derives from 28 U.S.C. 1651, the All Writs Act, which empowers the Courts in habeas cases to "fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage." Harris v. Nelson, 394 U.S. 286, 299 (1969).[2] The All Writs

---

[1] The only provisions of the habeas statute (28 U.S.C. 2241-2256) that relate to developing the facts of a case are 28 U.S.C. 2242, which provides for amendment and supplementation of pleadings, compare Fed. R. Civ. P. 15, and 28 U.S.C. 2243, which provides for a return to the writ, compare Fed. R. Civ. P. 12 (a). There are also provisions that relate to taking evidence by oral testimony, by deposition, upon affidavit and by written interrogatory, 28 U.S.C. 2245, 2254(e), but there is nothing approaching a set of rules governing the many complexities of habeas procedure. (There are Rules Governing Section 2254 Cases and Rules Governing Section 2255 Proceedings, but neither statute is implicated by the case at bar.)

[2] Rule 81(a)(1) of the Federal Rules of Civil Procedure provides that those Rules apply to habeas actions, but only to the extent not set forth in the 2254 and 2255 Rules or the federal statutes, and only to the extent that habeas practice "has heretofore conformed to the practice in civil actions." This quoted provision was considered in Harris v. Nelson,

Act, which was included in substance in the Judiciary Act of 1789, id., is Congress's grant of power to the Courts to devise appropriate procedures for habeas cases. Price v. Johnston, 334 U.S. 266 (1948). There is no applicable standard of review that a Court must meet before devising such procedures, any more than the Congress must meet some standard of review before enacting legislation. The Court is acting in a quasi-legislative capacity. It is acting "in the exercise of its discretion." Harris v. Nelson, 394 U.S. at 300.

If this Court grants these motions and orders respondents to preserve evidence, it will be "fashion[ing an] appropriate mode[ ] of procedure" for this case. Harris v. Nelson, 394 U.S. at 299. It will no more be issuing an injunction than would be the case when it orders documents produced under Rule 37, Fed.R.Civ.P. Those Rules create a duty to produce and a party need not meet the test for injunctive relief before the Court will enforce the duty.[3]

---

394 U.S. 286, 293-94. The Court there held that the discovery provisions of the Rules of Civil Procedure did not apply in habeas actions because, among other reasons, there was no evidence that the civil discovery rules had been the previously conforming practice in habeas actions. The present Motion seeks relief with respect to the discovery process and therefore the Civil Rules do not apply.

[3] Petitioner argued in his Motion for Order to Preserve Evidence, dkt. no. 6, that respondents were collaterally estopped to relitigate the determinations of other Judges in this District that a preservation Order should issue. Having considered Respondent's Opposition, dkt. no. 8, Petitioner abandons its argument as to collateral estoppel, but contends that the other Orders and Memoranda are persuasive precedent for this Court.

Respondents may not be presently under any duty to preserve evidence for this proceeding. They assert that they are "well aware of their obligation not to destroy evidence that may be relevant in pending litigation," but they give no citation for that proposition. If a petitioner weighed 175 pounds when he came to Guantanamo two years ago and now weighs 98 pounds, this would be relevant evidence as to his allegations of inhuman treatment. Conditions of confinement are within the ambit of the habeas statute. Johnson v. Avery, 393 U.S. 483 (1969). Until this Court restrains respondents from destroying such evidence they may remain free to do so.

## CONCLUSION

The purpose for making procedural provisions in habeas cases is so that "a fair and meaningful evidentiary hearing may be held." Harris v. Nelson, 394 U.S. at 300. In view that 1) for lack of security clearance petitioner's counsel have been unable to meet with him, 2) respondents' obligation to make factual returns is stayed, 3) petitioner has made prima facie allegations of great risk of inhuman treatment, and 4) respondents have pleaded no historical facts about petitioner or events at Guantanamo but only their own policies and procedures, the Court should grant the motion to assure that a fair and meaningful evidentiary hearing may be later held.

Respectfully submitted, November 9, 2005.

_____
Jeffrey J. Davis
Moore and Van Allen PLLC
100 North Tryon Street
47th Floor
Charlotte NC 28202-4002
(704) 331-1037
(704) 378-2037 (Fax)
(704) 661-5244 (Cell)
jeffdavis@mvalaw.com
North Carolina Bar No. 6582


_____
George Daly
139 Altondale Avenue
Charlotte NC 28207
(704) 333-5196
gdaly1@bellsouth.net
North Carolina Bar No. 1071


OF COUNSEL:


_____
Tina Monshipour Foster (TF3555)
Gitanjali Gutierrez (GG1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499