UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Mane Shaman Al-Habardi,<br>    A/k/a Mazin Salih Al-Harbi | ) | |
| | ) | |
| Petitioner | ) | |
| Vs. | ) | 1:05-CV-1857 (CKK) |
| | ) | |
| George W. Bush, et al. | ) | |
| | ) | |
| _____ Respondents | ) | |

**FIRST DECLARATION OF GEORGE DALY and
JEFFREY J. DAVIS**

Now come George Daly and Jeffrey J. Davis, counsel for Petitioner in this

case, and respectfully declare:

1.  We filed a Petition for Habeas Corpus on behalf of Petitioner on

September 19, 2005.  On October 19, 2005, the Court ordered that the standard

Protective Order be entered; that the case be stayed "pending a resolution of the

relevant issues by the Court of Appeals;" and that a factual return be required only

after such determination by the Court of Appeals.

2.  In early October, 2005, we sought to communicate with our client by

mail.  We furnished Respondents with the Memoranda of Understanding,

Notifications of Representation and statements regarding source of counsel fees,

which are required by the Protective Order before counsel may send "legal mail" to

Guantanamo.  We requested the address to which legal mail should be sent.[1]

Respondents refused to give us this information until we submitted "evidence of

[our] authority to represent the petitioner."[2]

3.  We obtained security clearances in December, 2005.  In late November,

anticipating  clearance, we wrote the government and requested to know the

Inmate Serial Number (ISN) of our client and requested that Mr. Daly be allowed

to visit him on January 24 and 25, 2006.[3]  The government responded that Mr.

Daly must furnish "evidence of [his] authority to initiate litigation on behalf of

Petitioner."[4]  On December 16, 2005, we again requested the address for legal mail

and our client's ISN.[5]  The government replied that same day that neither would be

furnished until "evidence of your authority" was furnished.[6]  On January 24, 2006,

we again requested visitation, for February 28 and March 1.[7]  The government

replied the next day with the by-now predictable requirement of evidence of direct

authorization from the client.[8]

6.  On March 21, 2006, in *Adem v. Bush*, 1:05-CV-723(RWR)(AK),

Magistrate Judge Kay entered a Memorandum Opinion and an Order which, as

argued in the accompanying Motion, effectively resolved in favor of Petitioner all

---

[1]  E-Mail 10-4-05, Daly to Warden, Exhibit A.
[2]  E-mail, 10-5-05, Warden to Daly, Exhibit B.
[3]  E-mail, Daly to Warden, 11-29-05, Exhibit C.
[4]  E-mail, Warden to Daly, 12-05-05, Exhibit D.
[5]  E-mail, Davis to Warden, 12-16-05, Exhibit E.
[6]  E-mail, Warden to Davis, 12-16-03, Exhibit F.
[7]  E-mail, Daly to Warden, 1-24-06, Exhibit G.
[8]  E-mail, Warden to Daly, 1-25-06, Exhibit H.

issues which had been raised by the government to deny us access to Petitioner. Accordingly, on March 24, 2006,[9] again on April 3,[10] and again on April 10,[11] Mr. Daly wrote and requested visitation, for May 16 and 17, 2006. The last letter stated that he had engaged a translator and made flight reservations, and that he would move the Court for relief if no response was made by noon on April 13. Late in the day on April 13 Respondents wrote and again asserted that "evidence of . . . authority" was required before visitation.[12]

7. Mr. Daly has entered into translator and airplane contracts which have cancellation penalties exceeding $3000. Flights to Guantanamo originate only in Ft. Lauderdale, Florida, and upon information and belief are frequently sold out a considerable time beforehand. There are few cleared translators and they must be engaged weeks or even months ahead of time.

Dated:  April 14, 2006.


_____          _____
Jeffrey L. Davis                         George Daly

---

[9] E-mail, Daly to Warden, 3-24-06, Exhibit J (there is no Exhibit I).
[10] E-mail, Daly to Warden, 4-3-06, Exhibit K.
[11] E-mail, Daly to Warden, 4-10-06, Exhibit L.
[12] E-mail, Warden to Daly, 4-13-06, Exhibit M.

# EXHIBIT A

-----Original Message-----
From: gdaly1@bellsouth.net [mailto:gdaly1@bellsouth.net]
Sent: Tuesday, October 04, 2005 9:14 PM
To: Warden, Andrew (CIV)
Cc: jeffdavis@mvalaw.com
Subject:

Re:  Mazin Salih Al-Harbi v. Bush et al
USDCDC
1:05-CV-01857 (CKK)

Dear Andy,

Jeff Davis and I have recently started representing Al-Harbi, a Guantanamo
inmate..  We want to write to him.  Jennifer Campbell at the Court Security Office
said that we needed to fill out forms that you would supply before we could do
that.  Please send me the forms she was talking about.

Cheers

George Daly
139 Altondale Avenue
Charlotte  NC  28207
704-333-5196
gdaly1@bellsouth.net


cc:  Co-counsel

Jeffrey Davis
Moore and Van Allen
47th Floor
100 North Tryon Street
Charlotte  NC  28202-4003
(704) 331-1037
Fax (704) 378-2037
Cell (704) 661-5244
davisj@mvalaw.com

# EXHIBIT B

Mr. Daly,

There are several steps that need to be taken before you may begin legal mail communications in accordance with the GTMO protective order:

1) A signed Memorandum of Understanding.  See Protective Order ¶¶ 18 & 36, Exhibits B & C (requiring counsel to file a Memorandum of Understanding acknowledging the protective order with the Court and submit copies to the Court Security Officers and government counsel, and execute an Acknowledgment for access to protected information).  Please have all counsel of record submit signed MOUs.

2) A "Notification of Representation".  See Protective Order, Exhibit A, Revised Procedures for Counsel Access, ¶ III.C.1 (explaining that "[p]rior to being permitted access to the detainee counsel must provide DoD with 'Notification of Representation'").  You may execute a letter that includes all the required information.  Please be sure to include evidence of your authority to represent the petitioner.  I have discussed this issue with Mr. Davis previously, but we have not received any evidence of your authority to initiate this litigation.

3) A signed representation regarding the source of any counsel fees must be on file.  See Protective Order, Exhibit A, Revised Procedures for Counsel Access, ¶ III.C.4.  You may submit the above documents to me via e-mail pdf or fax.  Once the required documentation is on file, you will
you will be authorized to send legal mail via the procedures outlined in the revised procedures for counsel access, upon entry of the three relevant GTMO protective orders (November 8, 2004; November 10, 2004; December 13, 2004) by the Court.

Regards,

Andrew
Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084

# EXHIBIT C

-----Original Message-----
From: gdaly1@bellsouth.net [mailto:gdaly1@bellsouth.net]
Sent: Tuesday, November 29, 2005 2:24 PM
To: Warden, Andrew (CIV)
Cc: jeffdavis@mvalaw.com
Subject: Re: GTMO--Mazin Salih al-Harbi


Re:  Mane Shaman al-Habardi
     1-05-CV-1857 (CKK)

Dear Andrew,

Please let us know what you have determined about our client, and especially his ISN. I am planning to go to Guantanamo January 23-26 (arrive late Jan 23, depart late Jan 26) and want to be sure that I will be able to locate him there.

With best regards,

George Daly

cc:  Jeff Davis

# EXHIBIT D

George,

Using the alternative name you provided in your reply brief, we have been able to identify the petitioner as a detainee at Guantanamo.

Regarding your visit request, we cannot begin the process of scheduling visits to Guantanamo until you receive your security clearance. The Court Security Officers have not informed me that you have received your security clearance, but let me know if you have, in fact, received it. In any event, you will not be authorized to visit Guantanamo until the documentation required by the Protective Order is on file:

1) A signed Memorandum of Understanding. See Protective Order ¶¶ 18 & 36, Exhibits B & C (requiring counsel to file a Memorandum of Understanding acknowledging the protective order with the Court and submit copies to the Court Security Officers and government counsel, and execute an Acknowledgment for access to protected information).
2) A "Notification of Representation". See Protective Order, Exhibit A, Revised Procedures for Counsel Access, ¶ III.C.1 (explaining that "[p]rior to being permitted access to the detainee counsel must provide DoD with 'Notification of Representation'"). Please be sure to include evidence of your authority to initiate litigation on behalf of petitioner. Id.
3) A signed representation regarding the source of any counsel fees must be on file. See Protective Order, Exhibit A, Revised Procedures for Counsel Access, ¶ III.C.4.

You may submit the above documents to me via e-mail pdf or fax.

Regards,

Andrew
Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470

# EXHIBIT E

-----Original Message-----
From: jeffdavis@mvalaw.com [mailto:jeffdavis@mvalaw.com]
Sent: Friday, December 16, 2005 11:03 AM
To: Warden, Andrew (CIV)
Cc: gdaly1@bellsouth.net
Subject: Privilege Team

Andrew:
To what address do I send materials for review by the privilege team?
Also, where do you stand on getting Mr. al-Habardi's ISN for us?
Merry Christmas.
Jeff


-Jeff Davis
Moore & Van Allen
Office (704)331-1037
Fax (704)378-2037
Cell (704)661-5244
jeffdavis@mvalaw.com

# EXHIBIT F

----- Original Message -----
**From:** Andrew.Warden@usdoj.gov
**To:** jeffdavis@mvalaw.com (Receipt Notification Requested) (IPM Return Requested)
**Cc:** gdaly1@bellsouth.net (Receipt Notification Requested) (IPM Return Requested)
**Sent:** Friday, December 16, 2005 2:41 PM
**Subject:** RE: Privilege Team

Jeff,

I'm a little puzzled by your question because all the information in the
GTMO litigation that is presumptively classified is stored in the
security habeas work facility in Crystal City, VA (e.g., notes from
meeting with detainees at GTMO, letters from detainees at GTMO).  If you
want presumptively classified material reviewed for classification
purposes, you simply give it to the privilege team at the facility.  In
short, you shouldn't have to "send" the privilege team material for
classification review via mail or otherwise.  Indeed, it would be
improper for you to have such presumptively classified material outside
of the security facility (e.g., storing classified information in your
law office).  Am I missing something here?

We can provide you with the ISN once all the required documentation
under the Protective Order is on file, including proper evidence of your
authority to initiate litigation on behalf of petitioner.

Regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084

# EXHIBIT G

-----Original Message-----
From: gdaly1@bellsouth.net [mailto:gdaly1@bellsouth.net]
Sent: Tuesday, January 24, 2006 9:57 PM
To: Warden, Andrew (CIV)
Cc: jeffdavis@mvalaw.com
Subject: 05-1857, Mane Shaman Al-Habardi

Dear Andrew,

Re: 05-1857, Mane Shaman Al-Habardi

I plan to visit Guantanamo to see my client on February 28 and March 1. I have a
security clearance. I believe I have submitted all the required documents. Please
let me know what, if anything, remains to be done to be allowed access to my
client.

Thanks for your consideration

George Daly

cc: Jeff Davis

# EXHIBIT H

----- Original Message -----
From: Andrew.Warden@usdoj.gov
To: gdaly1@bellsouth.net (Receipt Notification Requested) (IPM Return Requested)
Cc: jeffdavis@mvalaw.com (Receipt Notification Requested) (IPM Return Requested)
Sent: Wednesday, January 25, 2006 12:17 PM
Subject: RE: 05-1857, Mane Shaman Al-Habardi

George,

Thanks for your e-mail and your letter of December 19, 2005. We have received
your signed memorandum of understanding and acknowledgment, your
representation regarding the source of counsel fees, and your notification of
representation.

With respect to your notification of representation, you have not provided any
evidence of your authority to represent petitioner Al Harbi. The Amended
Protective Order and Revised Procedures for Counsel Access to Detainees at the
U.S. Naval Base in Guantanamo Bay, Cuba, entered by Judge Kollar-Kotelly in
this case on October 19, 2005, require you to "provide evidence of [your] authority
to represent the detainee" before "being permitted access to the detainee." See ¶
III.C.1. This evidence has typically taken the form of next-friend affidavits and
authorizations in cases that are brought as next-friend petitions. The petition in
this case, however, is not of the next-friend variety. Instead, it is a petition brought
directly on petitioner Al Harbi's behalf. Accordingly, we require evidence that
petitioner Al Harbi has authorized you directly to initiate this litigation before we
can schedule a visit for you.

In the event you do not have direct authorization from petitioner Al Harbi, and the
only authorization for you initiate this litigation is a communication from another
Guantanamo detainee or a family member of petitioner Al Harbi, the petition in
this case should have been styled as one filed through a next-friend. If that is the
case, the current petition should be amended to a next-friend petition, at which
time we reserve our right to assert a challenge to the jurisdictional basis for the
petition due to insufficient next-friend standing.

Regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084

# EXHIBIT J

----- Original Message -----
**From:** George Daly
**To:** Andrew.Warden@usdoj.gov
**Cc:** JeffDavis
**Sent:** Friday, March 24, 2006 8:28 PM

Re:
Mane Shaman al-Habardi (a/k/a Mazin Salih al-Harbi)
1:05-CV-1857 (CKK)

Dear Andrew,

Please approve for me to visit my client at Guantanamo on May 1 and May 2.  I have a security Clearance and I have submitted all the required papers.

Thanks for your consideration.

George Daly
gdaly1@bellsouth.net

cc:  Jeff Davis

# EXHIBIT K

----- Original Message -----
**From:** George Daly
**To:** Andrew.Warden@usdoj.gov
**Cc:** JeffDavis
**Sent:** Monday, April 03, 2006 11:01 AM
**Subject:** Fw: 1:05-CV-1857, Mazin Salih al-Harbi a/k/a Mane Shaman al-Habardi v. George W Bush et al.

Dear Andrew,

My translator is now not available for the times requested below.  He is available for May 16 (Tuesday) and May 17 (Wednesday).  Please schedule me for a visit for those two days.

I have a security clearance and have submitted all the necessary papers.

I will appreciate an early reply.

Best regards

George Daly
Charlotte  NC

cc:  Jeff Davis, co-counsel

# EXHIBIT L

----- Original Message -----
**From:** George Daly
**To:** Andrew.Warden@usdoj.gov
**Cc:** JeffDavis
**Sent:** Monday, April 10, 2006 11:07 AM
**Subject:** Fw: 1:05-CV-1857, Mazin Salih al-Harbi a/k/a Mane Shaman al-Habardi v. George W Bush et al.

Dear Andrew,

I have just now booked a translator and flights.  I have not heard from you in response to either of my two messages below.  Please respond by noon on Thursday or I will move the Court for relief.

Best regards

George Daly

cc:  Jeff Davis

# EXHIBIT M

----- Original Message -----
**From:** Andrew.Warden@usdoj.gov
**To:** gdaly1@bellsouth.net (Receipt Notification Requested) (IPM Return Requested)
**Cc:** jeffdavis@mvalaw.com (Receipt Notification Requested) (IPM Return Requested)
**Sent:** Thursday, April 13, 2006 5:08 PM
**Subject:** RE: 1:05-CV-1857, Mazin Salih al-Harbi a/k/a Mane Shaman al-Habardi v. George W Bush et al.

George,

We cannot consent to your visit request at this time.  As explained in my January 2006 e-mails to you, given the present posture of this litigation, we cannot agree to process or approve your visit request until we receive appropriate evidence of your authority to represent petitioner Al Harbi, as required by paragraph III.C.1 of the Revised Procedures for Counsel Access.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084