IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANE SHAMAN AL-HABARDI, a/k/a/ )
MAZIN SALIH AL-HARBI, )
    *Petitioner-Plaintiff,* )
)
v. ) Civil Action No. 05-CV-1857 (CKK)
)
GEORGE W. BUSH, *et. al.,* )
    *Respondents/Defendants* )

**PETITIONER'S RESPONSE TO RESPONDENTS' OPPOSITION [Dkt. 23] TO RENEWED MOTION FOR PRESERVATION OF EVIDENCE [Dkt. 22]**

Petitioner respectfully Responds to Respondents' Opposition to Petitioners' Renewed Motion for Preservation of Evidence.

**1. The Detainee Treatment Act does not oust this Court of subject matter jurisdiction to consider these cases.**

Respondents argue that the Detainee Treatment Act of 2005, 119 Stat. 2680, ousts this Court of subject matter jurisdiction of this action. This argument has been rejected in *Hamdan v. Rumsfeld,* ___ U.S. ___, 2006 WL 1764793 (6-29-06). The Supreme Court held that the Detainee Treatment Act did not apply to cases filed before its enactment. *Id.*, at 13-16 and n. 15. This action was filed on September 19, 2005, well before December 30, 2005, the date of enactment of the Detainee Treatment Act. Judge Roberts of this Court has recently held that the cited portions of *Hamdan* "made clear that this [district] court retains jurisdiction over this habeas petition." *Hamoud v. Bush et al.,* No. 05-1894, Order, July 5, 2006, at n. 1 (Dkt. No. 23). The habeas petition in *Hamoud* is in all respects substantially indistinguishable from the habeas petition in the case at bar.[1]

---

[1] On July 2, 2006, Respondents filed their Motion For Procedures Related to Review of Certain Detainee Materials, Dkt. No. 24-1, wherein they argued, no. 3 at pp. 10-11 (pp. 2-3 in subscript),

## 2. Respondents have in effect moved to dismiss for mootness but have failed to prove that Petitioner is dead.

Respondents have asserted in their Opposition that Petitioner is dead and that therefore these actions "have no ongoing viability." Dkt. No. 23, at 4-5. An action that has no viability is an action that should be dismissed as moot, but Respondents have filed no proof that Petitioner is dead. Unless and until such proof is filed the Court should disregard the allegation of death.

The factual support for Respondent's assertion of death is an unsworn article by the Armed Forces Press Service, cited at Opposition, n. 7. This Court should reject this article as proof because it is not admissible in evidence before the Court.

The present cases are combined habeas and civil actions. The Federal Rules of Civil Procedure govern habeas actions except to the extent that the statutes or the special rules for actions pursuant to 28 U.S.C. 2254 and 2255 apply. *Fed.R.Civ.P.* 81(a)(2). None of these sources deal with death or mootness. Therefore, the Civil Rules govern the pending motions.

*Fed.R.Civ.P.* 43(e) provides:

**Taking of Testimony**

(e) Evidence on Motions.

When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

---

that this case is in substance a challenge to a determination of a Combat Status Review Tribunal (CSRT) at Guantanamo and therefore subject to exclusive review in the Court of Appeals for the District of Columbia Circuit. It is correct that *Hamdan* did reserve the question, slip. Op., at 18 n. 14, of whether habeas cases concerning Guantanamo could be subject to exclusive review in the Circuit Court because they challenged final decisions of a CSRT. Whatever the merits of that argument, the Petition in this case does not allege nor challenge any CSRT proceedings, Respondents have not made any proof that Petitioner's status was ever adjudicated by a CSRT, and counsel for Petitioner certify that after diligent enquiry they have found no record of any CSRT consideration of Petitioner's status.

Under this Rule an Affidavit is the least formal method of proof that is acceptable. No Affidavit having been filed, the Court should proceed to rule on the pending Motions. If and when such an Affidavit is filed the Court may then confront the issues of (1) whether the dead person is in fact the Petitioner in this case and (2) whether, in view that Respondents have always had exclusive access to Petitioner and to the premises where they allege that his death occurred, Petitioner's counsel should be allowed to test the Affidavit by oral examination of the Affiant or otherwise.

Dated:    July 12, 2006.                    Respectfully submitted,


/s/ Jeffrey J. Davis
Jeffrey J. Davis
Moore and Van Allen PLLC
100 North Tryon Street
47th Floor
Charlotte NC 28202-4002
(704) 331-1037
(704) 378-2037 (Fax)
(704) 661-5244 (Cell)
jeffdavis@mvalaw.com
North Carolina Bar No. 6582


/s/ George Daly
George Daly
139 Altondale Avenue
Charlotte NC 28207
(704) 333-5196
gdaly1@bellsouth.net
North Carolina Bar No. 1071

Counsel for Petitioners:
*Of Counsel*
Barbara Olshansky (NY0057)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

CHAR2\936412v2